UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-22810-CIV-MARTINEZ/OTAZO-REYES

GUITTO NERESTANT,

    Plaintiffs,

v.

ASN FAITH CORP.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Guitto Nerestant's ("Plaintiff") Motion for Attorney's Fees and Costs (hereafter, "Motion for Fees and Costs") [D.E. 49]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 50]. For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion for Fees and Costs be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

On July 13, 2018, Plaintiff filed suit against 7-Eleven, Inc. ("7-Eleven"), ASN Faith Corp. ("ASN"), and Amir George ("George") (collectively, "Defendants"), asserting claims for unpaid wages and retaliatory discharge in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereafter, "FLSA"). See Compl. [D.E. 1]. Plaintiff brought a minimum wage claim against ASN and 7-Eleven (Count I) and George (Count II) seeking to recover a total of $1,611.50 in actual and liquidated damages. Id. at 4–7. Plaintiff also asserted a claim for retaliatory discharge against all Defendants (Count III), id. at 8, seeking to recover $8,456.25 in actual damages based on the amount of money he allegedly would have earned had he not been discharged, $8,456.25 in liquidated damages, and $10,000 in damages for emotional distress. See Motion for Final Default

Judgment [D.E. 33 at 3–4]. Thus, Plaintiff sought to recover total damages in the amount of $28,524.00 from Defendants, exclusive of fees and costs.

Before 7-Eleven responded to the Complaint, Plaintiff voluntarily dismissed it from the case without prejudice [D.E. 20]. ASN, acting *pro se*, answered the Complaint on behalf of itself and George. See Answer [D.E. 14]. However, the Court struck ASN's Answer because a corporation cannot appear *pro se*. See Order [D.E. 25 at 3]. The Court ordered ASN to retain counsel within twenty days and respond to the Complaint and granted George twenty days to respond to the Complaint *pro se* or through counsel. Neither ASN nor George responded to the Complaint. See Order on Default Final Judgment Procedure [D.E. 29]. Accordingly, the Court directed the Clerk to enter default against ASN and George and ordered Plaintiff to file a motion for default final judgment [D.E. 29]. Thereafter, the Clerk entered default against ASN and George [D.E. 30]; and Plaintiff filed his Motion for Final Default Judgment against them [D.E. 33]. The case was subsequently stayed pending conclusion of a Chapter 11 bankruptcy action involving George [D.E. 39]. Several months later, Plaintiff moved to lift the stay due to resolution of the bankruptcy action [D.E. 41] and filed a status report stating that Plaintiff sought a default final judgment only as to ASN. See Plaintiff's Status Report [D.E. 44 at 1–2]. Thus, the Court denied as moot Plaintiff's Motion for Default Final Judgment as to George and dismissed the case without prejudice as to 7-Eleven and George. See Default Final Judgment [D.E. 45 at 7].

With respect to the sole remaining defendant, ASN, the Court granted Plaintiff's Motion for Default Final Judgment as to Count I, but denied it as to Count III, and entered judgment on Count I in favor of Plaintiff and against ASN for a total damage amount of $1,611.50. Id. The Court also ordered Plaintiff to refile his request for reasonable attorney's fees and costs, limited to litigating the minimum wage claim (Count I) against ASN. Id.

On March 30, 2022, Plaintiff filed his Motion for Fees and Costs [D.E. 49], along with Plaintiff's Declaration for Fees and Costs (hereafter, "Declaration") [D.E. 49-1], seeking to recover from ASN $8,388.75 in attorney's fees and $440.00 in costs. ASN failed to file a response. Accordingly, on April 18, 2022, the Court entered an Order to Show Cause instructing ASN to show cause why Plaintiff's Motion for Fees and Costs should not be granted pursuant to Rule 7.1(c) of the Local Rules of the United States District Court for the Southern District of Florida ("Local Rule 7.1(c)"). See Order to Show Cause [D.E. 51]. ASN failed to comply with the Order to Show Cause.

**DISCUSSION**

1. **Entitlement to Attorney's Fees and Costs**

As the prevailing party in this matter, Plaintiff is entitled to recover attorney's fees and costs under Section 216(b) of the FLSA (hereafter, "Section 216(b)"). See James v. Wash Depot Holdings, Inc., 489 F.Supp.2d 1341, 1346 (S.D. Fla. 2019) (quoting 29 U.S.C. §216(b)) ("The FLSA, however, explicitly provides that the Court 'shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.' Thus, fee awards are mandatory for prevailing plaintiffs in FLSA cases.").

2. **Calculation of Attorney's Fees**

Plaintiff's request for attorney's fees is comprised of the following items:

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| R. Martin Saenz ("Mr. Saenz") | 3.3 | 400.00 | 1,320.00 |
| Ilona Demenina Anderson ("Ms. Anderson") | 0.7 | 400.00 | 280.00 |
| Yadhira Ramirez-Toro ("Ramirez-Toro") | 16.4 | 400.00 | 6,560.00 |
| Ursula Lanfranco ("Ms. Lanfranco") | 1.35 | 75.00 | 101.25 |
| Unidentified timekeeper with initials "AGT" | .05 | 75.00 | 3.75 |
| Unidentified timekeeper with initials "AS" | .45 | 275.00 | 123.75 |
| **Requested Total** | | | **8,388.75** |

See Declaration [D.E. 49-1 at 6–11].[1]

To determine an award of attorney's fees, "the Court must first determine the 'lodestar,' which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. See James v. Wash Depot Holdings, Inc., 489 F.Supp.2d 1341, 1346 (S.D. Fla. 2007). "The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates." Parness v. Piazza Benvenuto Ristorante, Pizzeria & Mkt., Inc., No. 08-61604-CIV, 2009 WL 1117362, at *1 (S.D. Fla. Apr. 24, 2009) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).

A. *Reasonable Hourly Rate*

When determining a reasonable hourly rate, the rate should be "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 (1984)). "The party seeking attorney's fees bears the burden of producing 'satisfactory evidence that the requested rate is in line with prevailing market rates.'" Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). "A court . . . 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).

Based on the undersigned's own experience and knowledge and review of the Declaration, the undersigned finds the hourly rate of $400 for Mr. Saenz and his "law partner", Ms. Anderson,

---

[1] Although no specific correlation between these timekeepers' names and their initials is provided, it appears that Mr. Saenz billed under the initials "RS"; Ms. Anderson under the initials "IDA"; Ms. Ramirez-Toro under the initials "YR"; and Ms. Lanfranco under the initials "UL".

4

to be reasonable and appropriate. See Dec. [D.E. 49-1 at 3]. However, the undersigned finds the hourly rate of $400 for Ms. Ramirez-Toro to be excessive given that the Declaration identifies her as one of two "staff attorneys". See Dec. [D.E. 49-1 at 3–4]. Thus, the undersigned reduces the hourly rate for Ms. Ramirez-Toro from $400 to $275, which is the hourly rate for another staff attorney at the firm. Id. Moreover, although Ms. Lanfranco is also designated as a "staff attorney", this appears to be an error, since her billing entries show a "paralegal rate" of $75, id. at 3–4, 8, which appears reasonable.

With regard to the two timekeepers with initials "AGT" and "AS", there is no biographical information provided for them in the Declaration. Because there is no basis upon which to formulate their lodestar, their time is excluded. See, e.g., Fed. Trade Comm'n v. Life Mgtmt. Servs. of Orange Cty., LLC, No. 6:16-cv-982, 2021 WL 4822417, at * 2 (M.D. Fla. Sept. 22, 2021) (excluding the time of timekeeper J. Stahl from the lodestar calculation because no biographical information was provided for him).

B. *Number of Hours Expended*

As noted above, "a district court must determine whether the hours expended are reasonable. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the Court may properly assess the time claimed for each activity." Parness, 2009 WL 1117362, at *2. "A fee applicant must set out the general subject matter of the time expended by the attorney 'with sufficient particularity so that the court can assess the time claimed for each activity.'" Diaz v. Solmar Rest., Inc., No. 08-21379-CIV, 2009 WL 10667781, at *4 (S.D. Fla. Aug. 7, 2009) (quoting Norman, 836 F.2d at 1303). "Excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." Eckerhart, 461 U.S. 424, 434 (1983).

Upon a review of the billing summary, the undersigned finds that the hours detailed therein for Mr. Saenz and Ms. Anderson are reasonable. See Capdevila v. S. Miami Rehab., Inc., No. 11-24005-CIV, 2012 WL 13134212, at *2 (S.D. Fla. Dec. 5, 2012) (citing Norman, 836 F.2d at 1303) ("As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees.").

However, as to Ms. Lanfranco, the undersigned finds that the work that she billed for was either clerical in nature or lacked sufficient particularity for the Court to "assess the time claimed for each activity." Diaz, No. 08-21379-CIV, 2009 WL 10667781, at *4. For instance, of the six billing entries entered by Ms. Lanfranco, two of them were for "review[ing] uploads", without providing any detail as to what those uploads were or an indication as to why their review was necessary. See Dec. [De. 49-1 at 8]. The remaining four entries are equally vague and appear to be clerical in nature, such as "upload docs", "review calendar", "review default judgment", and "correspondence do letters, do envelopes, send out". Id. "Tasks of a clerical nature are not compensable as attorney's fees." Martin v. Italian Cabinetry, Inc., No. 18-CV-24958, 2019 WL 3429919, at *3–4 (S.D. Fla. June 6, 2019) (stating clerical tasks include scheduling, telephone calls, mailing, filing, and e-filing are not compensable because they require "no skill or training"); see also Whitney Bank v. Davis–Jeffries–Hunold, Inc., 2012 WL 5470131, at * 7 (S.D. Ala. Nov. 9, 2012) (holding that time spent by paralegals "receiving, reviewing, and indexing documents," "sending or receiving emails with documents attached," and "e-filing documents with the Court and receiving and indexing those documents" was not compensable). Therefore, none of Ms. Lanfranco's time is compensable.

The undersigned similarly finds that numerous entries by Ms. Ramirez-Toro are not compensable because they are clerical in nature or are vague, redundant, and unnecessary. For

instance, on several occasions, Ms. Ramirez-Toro billed for filing documents, such as the notice of attorney appearance, statement of claim, and certificate of service. See Dec. [49-1 at 6–8]. Such tasks are "'simple administrative tasks'" that "require no skill or training" and should not be billed at an attorney's rate. See Martin, No. 18-CV-24958, 2019 WL 3429919, at *3–4 (citation omitted). Numerous other entries by Ms. Ramirez-Toro show that she billed for receiving and reviewing various docket entries that are duplicative of work for which she had already billed. As one of many examples, Ms. Ramirez-Toro billed for "receiv[ing] and review[ing] docket 9 statement of claim filed in court" after the preceding entries clearly show that she was involved in drafting, editing, finalizing, and even filing the very same statement of claim. See Dec. [49-1 at 6]. Based on these adjustments, the undersigned reduces Ms. Ramirez-Toro's hours from 16.4 to 14.4.

Applying the foregoing reductions results in the following adjusted lodestar total:

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| R. Martin Saenz ("Mr. Saenz") | 3.3 | 400.00 | 1,320.00 |
| Ilona Demenina Anderson ("Ms. Anderson") | 0.7 | 400.00 | 280.00 |
| Yadhira Ramirez-Toro ("Ramirez-Toro") | 14.4 | 275.00 | 3,960.00 |
| Ursula Lanfranco ("Ms. Lanfranco") | 0 | 0 | 0 |
| AGT | 0 | 0 | 0 |
| AS | 0 | 0 | 0 |
| **Adjusted Lodestar Total** | | | **5,560.00** |

C. *Downward Adjustment*

"After the lodestar is determined the court must next consider the necessity of an adjustment for results obtained. If the result was partial or limited success, the lodestar must be reduced to an amount that is not excessive." Norman, 836 F.2d at 1302 (citing Hensley, 461 U.S. at 436–37) (alterations omitted). In doing so, "[t]he district court may attempt to identity specific hours that should be eliminated, or it may simply reduce the award to account for the limited

success. The court necessarily has discretion in making this equitable adjustment." Id. at 436–37. "[T]he most critical factor is the degree of success obtained." Id. at 436.

Plaintiff sought to recover a total of $28,524.00 in damages against all three Defendants in the case. However, Plaintiff achieved limited success, recovering only $1,611.50 for his minimum wage claim against only ASN after ASN failed to defend the case. See Motion for Final Default Judgment [D.E. 33 at 6]; see also Default Final Judgment [D.E. 45 at 2, 6–7]. Based on her knowledge and experience and review of the circumstances in this case, the undersigned finds that Plaintiff's limited success in this matter merits a 50% reduction of the lodestar. See, e.g., Brandt v. Magnificent Quality Florals Corp., No. 07-CV-20129, 2011 WL 4625379, at *12–14 (S.D. Fla. Sept. 30, 2011) (reducing the lodestar by 70% because plaintiff achieved limited success when he settled his FLSA claim for $2,000.00 after asserting that his claim was valued at $56,160.00 in his Statement of Claim).

Applying the 50% reduction to the adjusted lodestar total, results in an attorney's fees award of **$2,780.00**.

### 3.   Taxable Costs

"The costs recoverable by prevailing plaintiffs in FLSA cases under section 216(b) are *limited* to those costs enumerated in 28 U.S.C. § 1920." Ramos v. United Floor Crew, Inc., No. 15-22128-CIV, 2015 WL 6957423, at *2 (S.D. Fla. Oct. 15, 2015) (emphasis added) (quoting Williams v. R.W. Cannon, Inc., 657 F. Supp. 2d 1302, 1314 (S.D. Fla. 2009)).

28 U.S.C. § 1920 allows for the following costs to be recovered:

> **(1)** Fees of the clerk and marshal;
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)** Fees and disbursements for printing and witnesses;
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

**(5)** Docket fees under section 1923 of this title;
**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As the prevailing party in this case, Plaintiff requests $440 in costs for a filing fee of $400 and a $40 fee for serving the summons on ASN. Pursuant to 28 U.S.C § 1920, these costs are fully recoverable.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Fees and Costs [D.E. 49] be GRANTED IN PART and that Plaintiff be awarded **$2,780.00** in attorney's fees plus **$440.00** in costs for a total award of **$3,220.00**.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 24 day of June, 2022.

                                                                                       _____
                                                                                       ALICIA M. OTAZO-REYES
                                                                                       UNITED STATES MAGISTRATE JUDGE

Copies via CM/ECF to:
United States District Judge Jose E. Martinez
Counsel of Record

Copies via U.S. Mail to:

ASN Faith Corp.
9500 NW 7th Ave.
Miami, FL 33150

and

ASN Faith Corp.
13255 SW 16th Ct., Apt. K112
Pembroke Pines, FL 33027